1

2

3

4

5

6

7

8                    United States District Court

9                   Eastern District of California

10

11

12  Devry John Reed,

13          Plaintiff,                No. Civ. S 05-0987 LKK PAN P

14      vs.                           Order

15  Deuel Vocational Institute,

16          Defendant.

17                              -oOo-

18      Plaintiff is a state prisoner without counsel prosecuting a

19  civil rights action.  He seeks leave to proceed in forma

20  pauperis.  This proceeding was referred to this court by Local

21  Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

22      Plaintiff's declaration makes the showing required by 28

23  U.S.C. § 1915(a)(1) and (2).

24      Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the

25  $250 filing fee required by 28 U.S.C. § 1914(a).  An initial

26  partial filing fee of $5.00 is assessed pursuant to section

1   1915(b)(1).  Plaintiff must make monthly payments of 20 percent

2   of the preceding month's income credited to his trust fund

3   account.  28 U.S.C. § 1915(b)(2).  The agency having custody of

4   plaintiff shall forward payments from plaintiff's account to the

5   clerk of the court each time the amount in the account exceeds

6   $10 until the filing fee is paid.

7       I have reviewed plaintiff's complaint pursuant to 28 U.S.C.

8   § 1915A and find it does not state a cognizable claim against any

9   defendant.  The complaint is dismissed with leave to amend.

10      Any amended complaint must show the federal court has

11  jurisdiction and that plaintiff's action is brought in the right

12  place, that plaintiff is entitled to relief if plaintiff's

13  allegations are true, and must contain a request for particular

14  relief.  Plaintiff must identify as a defendant only persons who

15  personally participated in a substantial way in depriving

16  plaintiff of a federal constitutional right.  Johnson v. Duffy,

17  588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to

18  the deprivation of a constitutional right if he does an act,

19  participates in another's act or omits to perform an act he is

20  legally required to do that causes the alleged deprivation).  The

21  court cannot approve service unless plaintiff identifies specific

22  defendants.  To the extent plaintiff seeks injunctive relief he

23  must name a defendant with the authority to grant such relief.

24  If plaintiff contends he was the victim of a conspiracy, he must

25  identify the participants and allege their agreement to deprive

26  him of a specific federal constitutional right.

1    In an amended complaint, the allegations must be set forth
2   in numbered paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may
3   join multiple claims if they are all against a single defendant.
4   Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim
5   based upon separate transactions or occurrences, the claims must
6   be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

7    The federal rules contemplate brevity.  See Galbraith v.
8   County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002)
9   (noting that "nearly all of the circuits have now disapproved any
10  heightened pleading standard in cases other than those governed
11  by Rule 9(b).");  Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth
12  rare exceptions to simplified pleading).

13   Plaintiff's claims must be set forth in short and plain
14  terms, simply, concisely and directly.  See Swierkiewicz v.
15  Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting
16  point of a simplified pleading system, which was adopted to focus
17  litigation on the merits of a claim.");  Fed. R. Civ. P. 8.

18   Plaintiff must eliminate from plaintiff's pleading all
19  preambles, introductions, argument, speeches, explanations,
20  stories, griping, vouching, evidence, attempts to negate possible
21  defenses, summaries, and the like.  McHenry v. Renne, 84 F.3d
22  1172 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for
23  violation of Rule 8 after warning); see Crawford-El v. Britton,
24  523 U.S. 574, 597 (1998) (reiterating that "firm application of
25  the Federal Rules of Civil Procedure is fully warranted" in
26  prisoner cases).

1    This court will construe plaintiff's pleading "liberally" to

2  determine if it states a claim and, prior to dismissal, tell

3  plaintiff of deficiencies in his complaint and give plaintiff an

4  opportunity to cure them.  Noll v. Carlson, 809 F.2d 1446 (9th

5  Cir. 1986).

6    It is sufficient, for example, for a prisoner who claims his

7  Eighth Amendment guarantee against cruel and unusual punishment

8  has been violated by inadequate medical care to allege that on a

9  specific day an identified state actor with individual

10 responsibility for obtaining or providing medical care knew the

11 prisoner faced substantial risk of serious harm but deliberately

12 disregarded the risk by failing to take reasonable measures

13 resulting in avoidable persistent severe pain or avoidable

14 substantial personal injury.

15    To state a claim under Title II of the Americans with

16 Disabilities Act (ADA), plaintiff must allege: (1) he is a

17 qualified individual with a disability; (2) he was excluded from

18 participation in or otherwise discriminated against with regard

19 to a public entity's specified services, programs, or activities,

20 and (3) such exclusion or discrimination was because of his

21 disability.  Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir.

22 2002).  If plaintiff seeks compensatory damages, plaintiff must

23 allege defendants knew that harm to plaintiff was substantially

24 likely and nevertheless failed to act to prevent it.  See Duvall

25 v. County of Kitsap, 260 F.3d 1124, 1138-39 (9th Cir. 2001).

26    The court (and defendant) should be able to read and

1  understand plaintiff's pleading within minutes.  <u>McHenry</u>, <u>supra</u>.

2  A long, rambling pleading, including many defendants with

3  unexplained, tenuous or implausible connection to the alleged

4  constitutional injury or joining a series of unrelated claims

5  against many defendants very likely will result in delaying the

6  review required by 28 U.S.C. § 1915 and an order dismissing

7  plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation

8  of these instructions.

9      An amended complaint must be complete in itself without

10  reference to any prior pleading.  Local Rule 15-220; <u>see</u> <u>Loux v.</u>

11  <u>Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an

12  amended complaint, the original pleading is superseded.

13      Plaintiff is admonished that by signing an amended complaint

14  he certifies he has made reasonable inquiry and has evidentiary

15  support for his allegations and that for violation of this rule

16  the court may impose sanctions sufficient to deter repetition by

17  plaintiff or others.  Fed. R. Civ. P. 11.  Prison rules require

18  plaintiff to obey all laws, including this one, and plaintiff may

19  be punished by prison authorities for violation of the court's

20  rules and orders.  <u>See</u> 15 Cal. Admin. Code § 3005.

21      Title 42 of the United States Code § 1997e(a) provides a

22  prisoner may bring no § 1983 action until he has exhausted such

23  administrative remedies as are available to him.  The requirement

24  is mandatory.  <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001).

25  Plaintiff is further admonished that by signing an amended

26  complaint he certifies his claims are warranted by existing law,

1   including the law that he exhaust administrative remedies, and

2   that for violation of this rule plaintiff risks dismissal of his

3   action.

4        Accordingly, the court hereby orders that:

5        1.  Plaintiff's request to proceed in forma pauperis is

6   granted.

7        2.  Plaintiff is obligated to pay the statutory filing fee

8   of $250 for this action.  Plaintiff is assessed an initial

9   partial filing fee of $5.00.  The fee shall be collected in

10  accordance with the notice to the Director of the California

11  Department of Corrections filed concurrently herewith.

12       3.  The complaint is dismissed with leave to amend within 45

13  days.  Failure to file an amended complaint will result in a

14  recommendation this action be dismissed for failure to state a

15  claim.  If plaintiff files an amended complaint stating a

16  cognizable claim the court will proceed with service of process

17  by the United States Marshal.

18       So ordered.

19       Dated:  June 2, 2005.

20                          /s/ Peter A. Nowinski
                            PETER A. NOWINSKI
21                          Magistrate Judge

22

23

24

25

26