United States District Court

Eastern District of California

Devry John Reed,

       Plaintiff,                  Civ. No. S 05-0987 LKK PAN P

  vs.                          Order on Request for Counsel

Deuel Vocational Institute, et al.,

       Defendants.

-oOo-

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action.  Plaintiff moved for appointment of counsel May 27 and July 14, 2005.

In proceedings that do not threaten a litigant with loss of physical liberty, there presumptively is no right to appointed counsel.  <u>Lassiter v. Department of Social Services</u>, 452 U.S. 18, 26-27 (1981).  Section 1915(e)(1) of Title 28 confers discretion upon the court to request counsel represent an indigent civil

1 litigant.  <u>Mallard v. District Court</u>, 490 U.S. 296 (1989).

2      In deciding whether to appoint counsel the court exercises
3 discretion governed by a number of factors, including the
4 likelihood of success on the merits and the applicant's ability
5 to present his claims in light of their complexity.  <u>Weygandt v.</u>
6 <u>Look</u>, 718 F.2d 952, 954 (9th Cir. 1983); <u>see also</u>, <u>LaMere v.</u>
7 <u>Risley</u>, 827 F.2d 622, 626 (9th Cir. 1987).  Ordinarily the
8 presumption of regularity in the state's procedures for confining
9 prisoners suggests a lack of likely success and counsels against
10 appointment of counsel.  <u>See</u> <u>Maclin v. Freake</u>, 650 F.2d 885, 887
11 (7th Cir. 1981).  As a general rule, the court will not appoint
12 counsel unless the applicant shows his claim has merit in fact
13 and law.  <u>Id.</u>  Even if the applicant overcomes this hurdle, the
14 court will not appoint counsel if the law is settled and the
15 material facts are within the plaintiff's possession, viz., they
16 do not require investigation outside the prison walls.  <u>Id.</u> at
17 887-88.

18      Here, plaintiff alleges his constitutional rights were
19 violated in connection with the provision of medical care.  The
20 law governing this issue is settled and investigation outside the
21 prison walls is unnecessary to discover material facts.   There
22 is, on the record before the court, no reason to believe
23 appointment of counsel would be of significant benefit.

24      Plaintiff's May 27 and July 14, 2005, requests for
25 appointment of counsel therefore are denied.

26      Plaintiff shall amend his complaint, as directed in the

1 | court's June 3, 2005, order, within 20 days.
2 |     So ordered.
3 |     Dated:  July 28, 2005.

```
                                    /s/ Peter A. Nowinski
                                    PETER A. NOWINSKI
                                    Magistrate Judge
```